

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL E. OLIVER,

    Petitioner,

vs.

CIVIL ACTION NO.: CV204-135

ROBERT McFADDEN, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a pleading entitled "Petitioner for Interlocutory Order and Relief of Federal Prisoner Subject to Cruel and Unusual Punishment in Violation the Eighth Amendment of the United States Constitution." (Doc. No. 1.) Petitioner contends that he has participated in the inmate literacy program with the Bureau of Prisons ("BOP") since January 22, 1990, and has obtained 4,590 hours of instruction. Petitioner asserts that this literacy program is governed by Program Statement 5350.28. Petitioner alleges that, pursuant to this Program Statement, inmates without a high school diploma or General Equivalency Degree ("GED") are required to participate in the literacy program for at least 480 hours of instruction. Petitioner also alleges that if an inmate is unsuccessful in obtaining his GED after 480 hours of instruction, the Program Statement requires the institution to "exempt" the inmate from further participation in the program. (Doc. No. 1, p.

AO 72A
(Rev 8/82)

3.) Petitioner avers that requiring him to participate in the literacy program any longer constitutes cruel and unusual punishment because he is mentally incapable of obtaining his GED.

Respondent contends that Petitioner voluntarily withdrew from the inmate literacy program and remained out of this program for over four (4) years. Respondent alleges that Petitioner was informed that BOP policy provides that any hours completed at other institutions can be credited toward the required number of instructional hours if any interruption in the inmate's enrollment is due to reasons beyond the inmate's control. Respondent also alleges that because Petitioner voluntarily withdrew from the literacy program and did not re-enroll for over four (4) years, the instructional hours he received at other institutions were not credited.

Program Statement 5350.28 is the BOP's implementation of 28 C.F.R. §§ 544.70 through 544.71[1], and the purpose of this Statement is to explain the BOP's inmate literacy program. (Resp't Ex. 2, p. 1.) This Statement requires that inmates participate in the literacy program for "one mandatory period of at least 240 instructional hours, or until they achieve a GED credential or high school diploma, whichever comes first." (Resp't Ex. 2, p. 2.) However, instructional hours "accrued from previous enrollment in other Bureau [of Prisons'] facilities (including Bureau managed and privately managed) can be credited toward the required 240 instructional hours if the interruption in enrollment is due to reasons beyond the inmate's control (e.g., transfer between federal correctional facilities, appearance in court, etc.)." (Resp't Ex. 2, p. 6.) Certain inmates needing more time in the

---

[1] 28 C.F.R. §§ 544.70 through 544.75 pertain to the BOP's purpose, scope, and requirements for inmate literacy programs throughout the BOP's facilities.

2

literacy program may be exempted from the literacy program requirements for work promotions. In such circumstances, "[t]he [Supervisor of Education] should recommend this exemption for an inmate who completes 480 hours of participation in the literacy program **unless** the inmate has a GED Progress Assignment of [Unsatisfactory.]" (Resp't Ex. 2, p. 16) (Emphasis in original). An inmate receiving this exemption is referred to as an "EP inmate", and these inmates can lose their exemption if they withdraw from the literacy program. (Resp't Ex. 2, p. 17.)

The evidence before this Court indicates that Petitioner has completed well in excess of the 240 instructional hours necessary to fulfill the literacy program requirement and the 480 hours needed to be eligible for an "EP" exemption; however, he did so before his arrival at FCI Jesup. (Resp't Ex. 4; Resp't Ex. 5, pp. 1, 5.) According to the relevant Program Statement, instructional hours received at other BOP facilities are not credited to the inmate if the interruption in his enrollment in the literacy program is due to the inmate's actions. (Resp't Ex. 2, p. 6.) The evidence also indicates that Petitioner voluntarily withdrew from the inmate literacy program before his arrival at FCI Jesup. (Pet'r Ex. B.) Petitioner does not assert that the cessation in his enrollment was due to anything beyond his control; accordingly, he is not entitled to receive credit for time spent in the inmate literacy program at other facilities. Additionally, in a Memorandum to Petitioner dated November 19, 2004, Warden Vasquez informed Petitioner that he lost his EP exemption because he voluntarily withdrew from the literacy program in July 1999. Warden Vasquez also informed Petitioner that, due to Petitioner's participation in the inmate literacy program at FCI Jesup, he will be eligible for another EP exemption once he completed 480 hours

3

of instruction. According to Warden Vasquez, this was to occur earlier this year. (Resp't Ex. 8, p. 2.)

It does not appear that officials at FCI Jesup violated the BOP's policy relating to the inmate literacy program, nor does it appear that Petitioner is entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's request for an interlocutory order and relief[2] (Doc. No. 1) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of April, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner's pleading is docketed as a habeas action. However, the manner in which Petitioner entitled his pleading indicates that he wishes to proceed with his cause of action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The Court declines to address Petitioner's claims under either theory of relief; instead, a review of the merits of Petitioner's claims was appropriate so as not to re-characterize Petitioner's claims.

4

# United States District Court
## Southern District of Georgia

OLIVER )

vs ) CASE NUMBER CV204-135

MCFADDEN ) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 4/22/05, which is part of the official record of this case.

Date of Mailing: 4/22/05

Date of Certificate [X] same date. or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Michael Oliver, FCI Jesup, 09824-018, 2650 Highway 301 S, Jesup, GA 31599
Delora Kennebrew

- [ ] Copy placed in Minutes
- [ ] Copy given to Judge
- [X] Copy given to Magistrate